**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Edward MITCHELL,
Defendant—Appellant.**

No. 05–30189.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Measure & Wilson P.C., Kalispell, MT, for Defendant–Appellant.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

James Edward Mitchell appeals from the 240–month sentence imposed following his guilty plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Mitchell contends the government was required to present the allegation of his

prior conviction to the grand jury because use of the conviction doubled the mandatory minimum. This contention is without merit. *See United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Almendarez–Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Weiland*, 420 F.3d 1062, 1080 n. 16 (9th Cir.2005). Mitchell's next contention—that the government's failure to present the allegation of his prior conviction violated his right under the Grand Jury clause of the Fifth Amendment because it deprived the grand jury of its constitutional authority to determine whether to indict him—is foreclosed by *Almendarez–Torres*, 523 U.S. at 228, 118 S.Ct. 1219.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

